UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JOHN P. MIDDLETON, an individual,

    Plaintiff

vs.

THE HOLLYWOOD REPORTER, LLC,
a foreign limited liability company,
GARY BAUM, an individual,
and ROY LEE, an individual,

    Defendants

_____

## COMPLAINT

Plaintiff JOHN P. MIDDLETON, an individual, by and through his undersigned counsel, hereby sues Defendants, THE HOLLYWOOD REPORTER, LLC, a foreign limited liability company, GARY BAUM, an individual and ROY LEE, an individual, and alleges as follows:

### INTRODUCTION

1. Plaintiff John P. Middleton ("Middleton"), who is domiciled in Florida, was grievously harmed and defamed by a story that appeared in *The Hollywood Reporter*, which contained numerous falsehoods despite the fact that its author, Defendant Gary Baum ("Baum"), was informed of the true facts in extensive correspondence before the story ran.

2. Instead of reporting the truth, Baum allowed himself to be a conduit for the lies of Defendant Roy Lee ("Lee"), a former business associate of Middleton who has carried out a campaign of defamation against Middleton in retaliation for a lawsuit Middleton had filed to

1

{00118176;9}

recover monies that Lee owed him. Baum was well aware of Lee's motives and the legal dispute between Lee and Middleton, but still chose to report Lee's defamatory allegations.

3. Lee's campaign of lies, publicized by Baum and *The Hollywood Reporter*, was intended to and has done great harm to Middleton by grievously damaging his reputation in the entertainment industry where he works as a motion picture and television producer and operates a production company.

4. Defendants falsely portray Middleton as a vote-suppressing racist, a drunk, a patron of prostitutes, and having a crippling mental illness. None of this is true; all of it was fabricated in an effort to destroy Middleton's reputation, career and business, because he exercised his right to enforce his legal rights against his former business associate, Lee.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, and personal jurisdiction because the Defendants directed their tortious conduct towards a resident of Florida.

6. Venue is proper under 28 U.S.C. § 1291(b)(2) and, alternatively, under 28 U.S.C. § 1291(b)(3).

7. The amount in controversy at issue is in excess of $75,000 within the jurisdictional limits of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Middleton is an individual domiciled in Miami, Florida.

9. Lee is an individual residing in Los Angeles County, California.

10. On information and belief, The Hollywood Reporter, LLC ("Hollywood Reporter") is a Delaware limited liability company with its principal place of business in Los Angeles County,

California. Hollywood Reporter publishes *The Hollywood Reporter*, a weekly publication and associated website that covers celebrities, producers, and other topics associated with the entertainment industry.

11. On information and belief, Baum is a resident of Los Angeles County, California, and employed as a Senior Writer by Hollywood Reporter. At all relevant times, Baum was acting within the scope of his employment, and Hollywood Reporter authorized, ratified and/or was otherwise legally responsible for his acts as described herein.

12. From approximately 2010 until 2016, Middleton and Lee had a business relationship, which included a written agreement concerning the production of motion pictures. In addition, Middleton and Lee had a personal friendship, and Middleton assisted Lee with various personal matters such as lending Lee money to help finance Lee's son's private school tuition.

13. Lee breached various promises and engaged in fraudulent acts against Middleton. As a result, Middleton had no alternative but to bring an action against Lee in Los Angeles Superior Court in California, captioned *John P. Middleton, et al. v. Roy Lee, et al.*, Case No. 19STCV30580 (the "California Action"), which remains pending and seeks millions of dollars that Lee owes to Middleton.

14. On information and belief, in retaliation for Middleton's commencement and maintenance of the California Action, and in pursuit of a personal vendetta against Middleton, Lee started making false allegations against Middleton to Baum for publication in *The Hollywood Reporter*.

15. Lee's false allegations against Middleton, communicated to Baum and Hollywood Reporter, included:

a. That Middleton allegedly sent text messages inquiring about the availability of prostitutes—not true;

b. That Middleton allegedly once got so heavily inebriated at the Cannes Film Festival that he broke his hand through a glass window and urinated in his pants in front of Lee's business associates—all not true;

c. That after the alleged Cannes incident, Middleton checked himself into rehab the next day in Boston—not true;

d. That Middleton is a habitual drunk—not true;

e. That Middleton has obsessive-compulsive disorder that is so severe that he fails to show up to events and dinners, double books invitations, does not respond to emails and texts, once washed his hands in a restroom for 45 minutes, stockpiles iPhones and iPads due to fear of germs, wears garments he purchases only once, will not handle cash, credit cards, or his office keys, and stockpiles bleach and cleaning products to clean his house and hotel rooms—all not true;

f. That Middleton gave money to a campaign to suppress Black voters and has a close friendship with controversial conservative Roger Stone—all not true; and

g. That Middleton allows a witness who said favorable things about Middleton with respect to his dispute with Lee to live rent free in his house, implicitly bribing him—not true.

16. Lee also provided Baum and Hollywood Reporter with a confidential mediation brief from litigation between Middleton and a former Middleton employee, which contained numerous scurrilous and untrue allegations against Middleton, again for the purpose of having the allegations published, and Middleton's reputation, career and business destroyed in the process.

{00118176;9}

17. On or about June 25, 2020, Hollywood Reporter published Baum's story, *Allegations of Prostitution, Substance Abuse and Spying: Inside Hollywood's Nastiest Producer Feud* (the "Article"), in *The Hollywood Reporter*. In the Article, Baum repeated and republished the aforementioned false and defamatory statements made by Lee to Baum.

18. Prior to the Article, Hollywood Reporter engaged in extensive communications with Middleton's counsel, Martin Singer ("Singer"), in which Singer notified Hollywood Reporter and Baum of numerous inaccuracies in Baum's reporting and numerous examples where Baum was accepting, without question, Lee's unreliable narration of events.

19. In addition, in July 2020 after the Article was published, Middleton's publicist, Sallie Hofmeister, as well as Middleton's attorney, Singer, separately contacted Baum and Hollywood Reporter seeking corrections of the false statements in the Article and provided additional factual information supporting the requested corrections. However, Hollywood Reporter left numerous false and defamatory statements in the Article, despite being aware of the true facts both before and after publication.

20. Some of the errors pointed out by Hofmeister included:

  a. The Article states that Lee reluctantly agreed to a three year extension of the Middleton-Lee business relationship on the promise from Middleton that he would "get his act together." To the contrary, as Hofmeister pointed out, Baum had access to numerous written communications showing that Lee enthusiastically continued to work with Middleton into 2016 and pressured Middleton to continue working with Lee through 2018.

  b. The Article states: "Afterward, Lee provided THR with text messages that show Middleton himself inquiring about the services of a sex worker. (Lee was not on

the chain, but THR confirmed that the texts were real with another person who was.)" On the contrary, Middleton denies authoring any such texts, and his legal team performed a search for such texts and was unable to locate any. Middleton's attorney and publicist informed Baum and Hollywood Reporter of these facts before and after publication, and demanded that they produce any such alleged text messages so that Middleton could demonstrate that they were inauthentic, yet neither Baum nor Hollywood Reporter produced any such alleged text messages. Nonetheless, they still published the false allegations in the Article, and left them there after Middleton's legal team demanded their removal.

c. The Article includes a partial, out-of-context quote of a text message that makes it appear as if Middleton was illegally concealing a political donation, when in fact the entire quotation makes clear that Middleton was acknowledging his obligation to disclose the donation.

d. The Article states that Lee broke with Middleton in 2016 because he felt Middleton had no interest in the specifics of business and Lee no longer needed him. However, Baum and Hollywood Reporter were shown communications in 2017 and 2018 that indicated Lee was seeking to continue working with Middleton. Baum did not include this in his story because it contradicted Lee's false narrative that Lee severed his relationship with Middleton because of Middleton's supposedly wrongful conduct.

e. The Article states that Middleton has severe OCD, wears clothes only once and engaged in other erratic behavior. Baum and Hollywood Reporter ignored

Middleton's strenuous denials of all such allegations, and failed to produce any evidence supporting their false statements.

21. Singer made clear in his communications to Hollywood Reporter that they would face a lawsuit if the false statements contained in the Article were published and/or were not promptly retracted.

22. On or about August 25, 2021, counsel for Middleton sent a written demand for a retraction to THR's counsel, pursuant to Section 770.01, Florida Statutes. THR never responded to the letter, nor did it change any of the defamatory statements about Middleton in its Article.

23. All conditions precedent to the filing and maintenance of this action have occurred, have been performed or have been waived.

## COUNT I - DEFAMATION
### (Against All Defendants)

24. Middleton realleges and incorporates by this reference all allegations in Paragraphs 1 through 23 as though fully set forth herein.

25. Lee published false and defamatory statements of and concerning Middleton when he uttered or transmitted the false statements alleged in Paragraph 15 herein, to Baum and Hollywood Reporter. Lee further made these statements intending that Baum and Hollywood Reporter would disseminate them publicly, including to Middleton's actual and potential business associates and friends in the entertainment industry.

26. On information and belief, Lee also communicated to many of Middleton's colleagues privately to defame and/or disparage Middleton and interfere with his relationships. Middleton does not have copies of the written communications but will seek them, along with the details of any oral communications, in discovery.

27. No applicable privilege applies to the statements published by Lee.

28. Baum and Hollywood Reporter published false and defamatory statements of and concerning Middleton when they published, *inter alia*, the false statements enumerated in Paragraph 20 herein, in the Article.

29. No applicable privilege applies to the statements published by Baum and Hollywood Reporter.

30. Lee published the false and defamatory statements with actual malice. Lee knew Middleton very well and had personal knowledge of the truth with respect to many or all of the events that he described to Baum and Hollywood Reporter. Lee deliberately lied about Middleton and cast him in a false light in his communications to Baum and Hollywood Reporter, with the intent that they would publish his defamatory statements and cause tremendous harm to Middleton in his trade and profession.

31. Baum and Hollywood Reporter also published the Article with actual malice. Singer, representing Middleton, engaged in extensive communications with Baum and Hollywood Reporter prior to publication. Singer pointed out the errors and inaccuracies in the reporting, including several instances where Singer was able to *prove* that Lee was providing Baum and Hollywood Reporter with *false information*, and thus, Lee was a disgruntled and unreliable source. Baum and Hollywood Reporter also knew, prior to publication, that Lee had strong motives to lie about Middleton because of their ongoing business and legal disputes and the deterioration of their personal relationship. Nonetheless, Baum and Hollywood Reporter published the Article, including several false statements of fact where Lee was their sole source and consciously disregarding information that called Lee's statements into question.

32. Defendants' defamatory statements of and concerning Middleton were defamatory *per se*, because they tended to injure Middleton in his trade and profession in the entertainment industry, and indeed, were intended to do so. Damages for such statements may be presumed.

33. As a proximate result of Defendants' defamatory statements, Middleton has been injured in an amount to be proven at trial including general reputational harm and damages resulting from lost contracts and potential contracts and lost work in the entertainment industry, conservatively estimated in the millions of dollars.

WHEREFORE, Plaintiff JOHN P. MIDDLETON, demands entry of a judgment against Defendants THE HOLLYWOOD REPORTER, LLC, GARY BAUM and ROY LEE, awarding:

   a) compensatory and special damages in an amount to be determined at trial;

   b) punitive damages;

   c) prejudgment interest;

   d) costs;

   e) a preliminary and permanent injunction requiring Baum and Hollywood Reporter to cease and desist from further publication of the false and defamatory statements contained in the Article;

   f) an order requiring Baum and Hollywood Reporter to print a retraction as to false and defamatory statements contained in the Article; and

   g) such other and further relief as this Court deems just and proper.

### COUNT II – BREACH OF FIDUCIARY DUTY
### (Against Lee)

34. Middleton realleges and incorporates by this reference all allegations in Paragraphs 1 through 23 as though fully set forth herein.

35. From approximately 2010 until 2016, Middleton and Lee had a business relationship, which included a written agreement concerning the production of motion pictures.

36. In the context of their business relationship, Lee and Middleton owed each other a fiduciary duty of loyalty and good faith not to take any actions that would be detrimental to the business relationship or to Middleton personally as to his involvement in the entertainment industry.

37. Lee obtained confidential information from Middleton and/or his representatives during a time when Lee occupied a position of trust and confidence due to Middleton's business relationship with him.

38. As part of that relationship of trust and confidence, the parties agreed and/or understood that neither person would use confidential and sensitive information obtained in the course of the relationship to intentionally harm the other party.

39. Middleton at all times performed his obligations under this understanding or agreement, or was excused from doing so.

40. On information and belief, Lee improperly shared confidential information with Baum and Hollywood Reporter at or around the time of the publication of the Article in 2020. Lee's actions, including, without limitation, sharing of confidential information with Baum and Hollywood Reporter were deliberately intended to harm Middleton, including by inducing Baum and Hollywood Reporter to publish a story of and concerning Middleton containing damaging falsehoods and constitutes a breach of Lee's fiduciary duty owed to Middleton.

41. As a proximate result of Lee's actions, Middleton has been damaged in an amount to be proven at trial, including general reputational harm and damages resulting from lost contracts and potential contracts and lost work in the entertainment industry.

WHEREFORE, Plaintiff JOHN P. MIDDLETON, demands entry of a judgment against Defendant ROY LEE, awarding:

a) compensatory and special damages in an amount to be determined at trial;

b) punitive damages;

c) prejudgment interest;

d) costs; and

e) such other and further relief as this Court deems just and proper.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

42. Middleton realleges and incorporates by this reference all allegations in Paragraphs 1 through 23 as though fully set forth herein.

43. Defendants participated in a deliberate scheme to further Lee's interest in purposefully inflicting emotional distress on Middleton as a reprisal for Middleton's decision to exercise his right to seek judicial enforcement of his agreements with Lee.

44. This scheme was carried out through numerous communications between Lee, on the one hand, and Baum and Hollywood Reporter, on the other hand, where Lee would provide false information that Baum and Hollywood Reporter would use as the basis of a story intended to severely damage, if not destroy, Middleton's reputation in the entertainment industry. This scheme constituted an extreme misuse of the journalistic function and was outrageous.

45. Lee's publication of the false and defamatory statements was intentional and/or reckless because he knew or should have known that emotional distress would likely result, and was done with actual malice. Lee knew Middleton very well and had personal knowledge of the truth with respect to many or all of the events that he described to Baum and Hollywood Reporter. Lee deliberately cast Middleton in a false light in his statements to Baum and Hollywood Reporter,

with the intention that they would publish his defamatory statements and do harm to Middleton in his trade and profession.

46. Baum and Hollywood Reporter's publication of the false and defamatory statements was intentional and/or reckless because they knew or should have known that emotional distress would likely result, and was done with actual malice. There was extensive correspondence between Singer, representing Middleton, and Baum and Hollywood Reporter pointing out errors and inaccuracies in their reporting, including several instances where Singer was able to prove that Lee was providing Baum and Hollywood Reporter with false information.

47. Baum and Hollywood Reporter also knew that Lee had strong motives to lie about Middleton because of their ongoing business and legal disputes and the deterioration of their personal relationship. Nonetheless, Baum and Hollywood Reporter published the Article, including several false statements where Lee was their sole source and consciously disregarded information that called Lee's statements into question.

48. Defendants' conduct was outrageous and beyond all bounds of decency that it is to be regarded as atrocious and utterly intolerable in a civilized community.

49. Defendants were substantially certain, and intended, that the publication of Lee's defamatory statements in the Article would cause emotional distress to Middleton, and in fact it did cause severe emotional distress to Middleton.

50. As a result of the outrageous conduct of Defendants, Middleton has suffered damages.

WHEREFORE, Plaintiff JOHN P. MIDDLETON, demands entry of a judgment against Defendants, THE HOLLYWOOD REPORTER, LLC, GARY BAUM and ROY LEE, awarding:

    a)     compensatory and special damages in an amount to be determined at trial;

{00118176;9}

      b)      punitive damages;

      c)      prejudgment interest;

      d)      costs; and

      e)      such other and further relief as this Court deems just and proper.

## COUNT IV – TRADE LIBEL
**(Against All Defendants)**

51. Middleton realleges the allegations set forth in paragraph nos. 1 through 23 as though fully set forth herein.

52. Lee published false statements to Baum and Hollywood Reporter accusing Middleton of, among other things, engaging in illegal and criminal conduct, having severe OCD, being a habitual drunk and contributing to campaigns to suppress voting rights.

53. Lee knew, or should have known, that the statements at issue were false at the time he made the statements.

54. Baum and Hollywood Reporter published the Article accusing Middleton of, among other things, engaging in illegal and criminal conduct, having severe OCD, being a habitual drunk and contributing to campaigns to suppress voting rights.

55. Baum and Hollywood Reporter knew, or should have known, that the statements at issue contained in the Article were false at the time the Article was published, particularly in light of evidence provided to them by Middleton's attorney and publicist prior to the Article being published which showed statements contained in the Article are false.

56. Lee's statements constitute libel *per se* because they impute to Middleton conduct or characteristics that are incompatible with the proper exercise of his profession in the entertainment industry.

57. Baum and Hollywood Reporter's publishing of the Article constitutes libel *per se* because statements contained in the Article impute to Middleton conduct or characteristics that are incompatible with the proper exercise of his profession in the entertainment industry.

58. Lee, Baum and Hollywood Reporter published these statements to third persons and knew or should have known that the effects of publishing them would be to cause Middleton severe financial harm, and severe harm to his professional and personal reputation.

59. The statements that Lee published to third parties are not privileged.

60. The statements that Baum and Hollywood Reporter published in the Article to third parties are not privileged.

61. Defendants had a duty to exercise due diligence and to investigate the statements for their falsity prior to publishing them to third parties, yet, they failed to comply with this duty.

62. Lee's failure to properly investigate the statements, and his failure to exercise due diligence to investigate constitutes reckless behavior, and at the very least, negligence.

63. Baum and Hollywood Reporter's failure to properly investigate the statements before publishing the Article, and their failure to exercise due diligence to investigate, constitutes reckless behavior, and at the very least, negligence.

64. Baum and Hollywood Reporter's publishing of the false and defamatory statements amounts to recklessness, and at the very least, negligence.

65. As a direct and proximate result of the publication of the false and defamatory statements by Lee, Baum and Hollywood Reporter, Middleton has suffered severe damage to his professional and personal reputation, loss of good will and loss of credibility within the public and professional communities.

WHEREFORE, Plaintiff JOHN P. MIDDLETON respectfully request this Court grant

judgment against Defendants, awarding:

    a)    compensatory and special damages in an amount to be determined at trial;

    b)    punitive damages;

    c)    prejudgment interest;

    d)    costs; and

    e)    all other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all causes of action triable by a jury.

Signed on this 24th day of June, 2022

    Law Offices of Jason Gordon, P.A.
    3440 Hollywood Blvd., Suite 415
    Hollywood, Florida 33021
    Telephone: (954) 241-4207
    Facsimile:  (954) 241-4236
    FOR SERVICE OF COURT FILINGS:
    jg@jgordonlegal.com
    service@jgordonlegal.com

    By:  /s/ Jason Gordon
        Jason Gordon, Esq.
        Fla. Bar No. 0012973